IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE WAYNE KOENIG, #288937　　　　*
　　　　Plaintiff,
　v.　　　　　　　　　　　　　　　　　　*　CIVIL ACTION NO. JKB-17-1200

DEPARTMENT OF PUBLIC SAFETY　　　*
AND CORRECTIONAL SERVICES, *et al.*
　　　　Defendants.　　　　　　　　　　*

## **MEMORANDUM OPINION**

A brief history of prior litigation is again needed to resolve this case. On November 2, 2016, Maryland prisoner Bruce Wayne Koenig filed a civil rights action against the Maryland Department of Public Safety and Correctional Services ("DPSCS"), the Maryland Department of Labor, Licensing and Regulation ("DLLR"), and 22 other Maryland agencies and employees, invoking federal jurisdiction under Title II of the Americans with Disabilities Act ("ADA," 42 U.S.C. § 12131, *et seq.*), the Rehabilitation Act of 1973 ("RHA," § 504 as amended, 29 U.S.C. § 794) and 42 U.S.C. § 1983 (alleging violations of his First and Eighth Amendment rights). *See Koenig v. DPSCS, et al.*, Civil Action No. JKB-16-1289 (D. Md.) ("*Koenig I*"). Summary judgment was granted in favor of the Defendants on March 26, 2018. *Id.*, ECF Nos. 75 and 76. Mr. Koenig's appeal was dismissed on July 30, 2018. *Id.*, ECF Nos. 86 and 87.

On April 27, 2017, while Civil Action No. JKB-16-1289 was pending, Mr. Koenig filed this civil rights action, captioned as *Koenig v. DPSCS, et al.*, Civil Action No. JKB-17-1200 (D. Md.) ("*Koenig II*"), asserting nearly identical claims. Nineteen Maryland agencies and employees are named as Defendants; most were also named in *Koenig I*. On September 21, 2017, counsel for nine of the Defendants moved to consolidate the two cases. *See Koenig II*, Civil Action

No. JKB-17-1200, ECF No. 12. That same day, counsel for these nine Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. *Id.*, ECF No. 13. Given the similarity of the claims, and in the interest of judicial economy, the instant action was stayed pending the outcome of the appeal in *Koenig I*. The stay has been lifted (ECF No. 25), and Defendants' dispositive motion has been resubmitted for resolution. ECF No. 26.

A preliminary matter must be examined prior to resolution of the dispositive motion. On May 1, 2019, Mr. Koenig moved for an extension of time, stating that he has not had access to all his necessary legal documents since his March 15, 2019, transfer to Maryland Correctional Institution at Jessup ("MCI-J"). ECF No. 28. Given the history of both *Koenig I* and *Koenig II*, this Court granted Mr. Koenig additional time and ordered Defendants to explain what steps would be taken to ensure Mr. Koenig's access to his legal documents. ECF No. 29. In their May 30, 2019, status report, Defendants set out the process by which Mr. Koenig may examine and exchange his large collection of legal documents and noted that prior to his temporary stay in the prison infirmary in April of 2019, he had been in full possession of all these documents, which greatly exceeded the maximum personal property a prisoner is permitted to keep in his cell. ECF No. 30-1, Decl. of Shanea T. Ross, ¶¶ 3-6.

On July 10, 2019, Mr. Koenig provided an additional response to the status report, stating it is inaccurate and that he requires a copy of his "lengthy filing" in Civil Action No. JKB-16-1289 provided at government expense in order to respond to Defendants' pending dispositive motion. ECF No. 31, p. 2. In his response, Mr. Koenig also requests appointment of counsel to assist in clarifying what accommodation a deaf or "hard of hearing" prisoner needs under the ADA, which

he claims prison personnel and prison health care providers do not understand.[1] *Id.*, p. 3. Additional health concerns, including back pain, headaches, and eye issues, as well as his concern that he is missing time from a class, are listed to support Mr. Koenig's request for counsel and for additional time to obtain copies of pleadings and file his opposition response. *Id.*, p. 4. Copies of court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). Here, the document is not specified and for reasons discussed herein, neither the document nor additional response time and appointment of counsel will result in a different outcome of this litigation.

On August 13, 2019, Mr. Koenig provided an additional response to the status report, stating that his access to legal materials continued to be impeded because of time constraints and because the documents that were confiscated from his cell during his hospitalization, which included "tens of thousands of pages," were "tossed into a number of large plastic bags" and thus are in disarray. ECF No. 32, pp. 1-2. That report has been docketed as a "Motion for an Order" concerning access to legal documents. As noted above, these materials are not necessary to resolution of this case. To the extent that Mr. Koenig seeks to litigate a First Amendment claim against the individuals responsible for handling his documents improperly, he may do so separately from this case.

In their Motion, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or summary judgment pursuant to Rule 56. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v.*

---

[1] Mr. Koenig's assertion that his medical records should not have been available to Defendants and the Court without his consent, ECF 31, p. 4, is specious, as Mr. Koenig placed his medical condition before the Court by filing this and his previous lawsuit.

3

*Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusional statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the Complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Where Defendants have submitted numerous exhibits with the Motion, the Court may consider such evidence only if it converts the Motion to one seeking summary judgment. Fed. R. Civ. P. 12(d).

The Court construes Defendants' dispositive Motion as seeking dismissal based on the doctrine of *res judicata*. Where a final judgment on the merits has been entered in a prior suit, an identity of the cause of action in both the earlier and the later suit exists, and an identity of parties or their privies in the two suits exists, then *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). In addition, "'[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989).

The previous action was terminated on March 26, 2018, with summary judgment entered in favor of Defendants. Civil Action No. JKB-16-1289, Mem. Op., ECF No. 75; Order, ECF No. 76. Although Mr. Koenig filed a notice of appeal in that action (ECF No. 77), he failed to prosecute his appeal, resulting in dismissal. ECF No. 86. The judgment in that action is therefore final.

As noted, the Complaint submitted in this lawsuit is almost identical to the Amended Complaint submitted in Civil Action No. JKB-16-1289, with one exception: Mr. Koenig named additional Defendants – Santana Nottage, CEO of Prison Operations Systems, Inc., former North Branch Correctional Institution Warden Bobby P. Shearin,[2] and Department of Public Safety and Correctional Services Secretary Stephen Moyer – in the Complaint. This difference requires an examination of privity.

"To be in privity with a party to a former litigation, the non-party must be so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin v. Am.Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (internal quotations omitted). Privity attaches where the interests of the parties to a given lawsuit align. *Jones v. S.E.C.*, 115 F.3d 1173, 1181 (4th Cir. 1997). Although additional Defendants are named in this action, the "identity of parties" component of *res judicata* does not require that the parties be identical. *Providence Hall Associates Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 282 (4th Cir. 2016). The additional Defendants named here would be entitled to assert the same defenses, advance the same arguments, and rely on the same or similar factual allegations raised by Defendants in the previous suit. Thus, there is privity between the parties

---

[2] Counsel correctly notes that Shearin retired on February 19, 2014, more than three years prior to the April 27, 2017, commencement of this lawsuit and would be entitled to dismissal under Maryland's general three-year statute of limitations, Md. Code Ann., Cts. & Jud. Proc. § 5-101.

sued in Mr. Koenig's earlier suit and the additional defendants named in this action, making *res judicata* applicable to the claims now before this Court.

Accordingly, a separate Order shall be filed denying Plaintiff's non-dispositive requests and granting Defendants' Motion to Dismiss.

DATED this 26 day of September, 2019.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge